IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA. | ) | |
| | ) | |
| v. | ) | 3:07-CV-1135-D |
| | ) | (3:93-CR-344-H(01)) |
| THOMAS MICHAEL DONAHUE, | ) | ECF |
| #24979-077, | ) | |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* motion to vacate, set aside or correct the sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is an inmate in the federal prison system. He is presently incarcerated at FPC Allenwood in White Deer, Pennsylvania. The Court did not issue process in this case, pending preliminary screening. *See* Rule 4 of the Rules Governing § 2255 Proceedings.

Statement of the Case: Following his plea of not guilty, a jury found Movant guilty of conspiracy to commit money laundering, money laundering, aiding and abetting, and causing a financial institution to fail to file currency reports and aiding and abetting. *United States v. Donahue*, 3:93cr0344-H(01) (N.D. Tex., Dallas Div.). On October 3, 1994, the District Court entered judgment sentencing him to 100 months imprisonment, and a three-year term of supervised release. *Id.* Although Movant appealed, his appeal was subsequently dismissed on

May 17, 1995. *See* No. 94-11014. Thereafter, he filed a § 2255 motion challenging his sentence as unconstitutional under the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). *See Donahue v. USA*, 3:05cv2508-H (N.D. Tex., Dallas Div., filed Dec. 12, 2005). The District Court accepted the findings and recommendation of the Magistrate Judge and denied the § 2255 motion. *See id.* (Mar. 16, 2006). The Fifth Circuit denied Movant's request for a certificate of appealability. *See* No. 06-10433.

Movant now seeks to file a successive § 2255 motion challenging his sentence. He relies on the Supreme Court's opinion in *United States v. Gonzalez-Lopez*, 126 S.Ct. 2557 (2006), which he claims is a watershed rule of law and should be applied under *Teague*.

Contemporaneously with the filing of this action, Movant filed a motion in the Fifth Circuit Court of Appeals seeking authorization to file a successive § 2255 motion. *See In re Donahue*, No. 07-10720. On August 7, 2007, the Fifth Circuit denied Movant's motion. *Id.*

<u>Findings and Conclusions:</u> The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. *See* 28 U.S.C. § 2255, ¶ 8; 28 U.S.C. § 2244(b)(3)(A). A defendant/movant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255, ¶ 8; *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam). This determination must be made by a three-judge panel of the court of appeals before a defendant files his motion in the

district court.  28 U.S.C. §§ 2244(b)(3)(A) and 2255.  In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit stated that "'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until . . . [the Fifth Circuit] has granted the petitioner permission to file one.'"

While Movant sought an order authorizing this Court to consider his successive motion, the Fifth Circuit recently denied his request.  Therefore, the District Court lacks jurisdiction to consider his successive § 2255 motion.  *See Key*, 205 F.3d at 774; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's successive motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 be DISMISSED for want of jurisdiction.  *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

The Clerk will mail a copy of this recommendation to Movant.

Signed this 26th day of October, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.